Whether the plaintiffs have a right to call upon the defendant, for the nonexecution of the agreement to purchase depends upon the particular contract made between them. Though the general rule of law may require the seller to show what title he has, or, according to (51) the later decisions (6 East, 555), aver that he was seised in fee, and made a good and satisfactory title by the time specified, yet the contract set forth in this case evidently dispenses with any such averment. It is too clear to be disputed that the executors sold only the right of their testator, and that they would not warrant the title to the purchaser. In these cases it is the duty of the Court so to construe the terms of the sale as to collect the meaning of the parties *Page 44 
without laying too much stress upon technical words which may have been improperly introduced. Thus, where the purchaser of a term for years stipulated to pay a certain rent before the lease was granted, the Court held that, though the money to be paid could not strictly be called a rent, yet the parties intended the money should be paid, and it must be paid accordingly. Woodfall's L. and T., 241.
So, in this case, the terms "guarantee incumbrances" could not be meant in their literal signification without a manifest absurdity, and can only be taken to import that the executors would not warrant the title, and that the bidders must take the risk upon themselves. This imposed on them the duty of inquiring into the title before they bid for the land, but furnishes no defense to the action. As the executors have tendered a deed, they are entitled to damages for the nonperformance of the contract. The nonsuit must be set aside and a new trial awarded.